## FURNESS v. CALHOUN.

ATTACHMENT—BOND.—AN UNDERTAKING in an attachment proceeding may be signed on behalf of plaintiff by an attorney of record on the authority of a telegram from an associate attorney to the effect that plaintiff authorized him to sign the undertaking in his behalf.

Before KLUGH, J., Beaufort, September, 1904. Reversed.

Action by Christopher Furness and J. H. Welsford against Patrick Calhoun. From order setting aside attachment, plaintiffs appeal.

*Messrs. Monteith* and *Mitchell & Smith,* for appellants, cite: Code of Proc., 251; 31 S. C., 360, 375; 38 S. C., 228; 43 S. C., 329, 443; 58 S. C., 398.

*Messrs. Cothran, Dean & Cothran,* contra, cite: 31 S. C., 369, 375; 58 S. C., 409; 43 S. C., 339.

February 20, 1905.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   On October 24th, 1903, a warrant of attachment was issued in the above stated case by the clerk of the Court for Beaufort County against defendant as a non-resident, and under it certain real estate in that county was attached.   The undertaking was signed "Christopher Furness and J. H. Welsford, by Thomas Talbird, their attorney in fact;" and attached to the undertaking was a telegram dated October 24th, 190—, as follows: "To Thomas Talbird, Beaufort, S. C.   Plaintiffs authorize you to sign undertaking on their behalf.   (Signed) W. S. Monteith."   W. S. Monteith and Thomas Talbird were attorneys of record for plaintiffs.   In August, 1904, the defendant gave notice of a motion to dissolve the attachment upon the ground that said undertaking was not signed by the plaintiffs, nor by any one thereunto authorized by them. Judge Klugh dissolved the attachment upon the ground stated, and plaintiffs appeal.

The requirement of the Code, sec. 251, is that the officer, before issuing the warrant of attachment, "Shall require a written undertaking on the part of the plaintiff, with sufficient surety."   Three things, therefore, are essential requirements: (1) The undertaking must be in writing, (2) on the part of plaintiffs, (3) with sufficient surety.   *Bank* v. *Stelling,* 31 S. C., 369.

The question here is whether the second requirement has been met.   The case of *Bank* v. *Stelling,* shows that an undertaking to be *"on the part of plaintiffs"* must be signed by the plaintiff or in his name by his authorized agent.   The undertaking need not be under seal, and the failure to file the authority to sign the plaintiff's name thereto is not fatal to the judgment.   *Grollman* v. *Lipsitz,* 43 S. C., 340, 21 S. E., 272.   The general rule is that where a seal is not necessary to the instrument, a parol appointment to sign is suffi-

cient, in the absence of a statute to the contrary—1 Ency. Law, 2 ed., 955. In *Ferst's Sons* v. *Powers,* 58 S. C., 409, 36 S. E., 744, the Court held that the name of plaintiff could be signed by persons named as agents, under the authority of telegrams which were attached to the undertaking. This does not mean that said telegrams must be attached, because, as we have seen, it is not essential to file any written authority of the agent. It is clear that an alleged copy of a telegram, which is the work of a receiving telegraph operator, could not be received as conclusive evidence of written authority; such evidence could not have greater force than parol evidence showing the agent's authority. The rule governing is thus clearly stated by Mr. Justice Gary, in *Grollman* v. *Lipsitz:* "The officer issuing the attachment, before issuing, should have such facts before him as satisfy him that the undertaking is that of the plaintiff." The clerk having been satisfied from the showing made in this case, that Mr. Talbird, an attorney of record in the case, was empowered to sign plaintiff's name, he was authorized to accept the undertaking and issue an attachment. If the motion be treated as one to dissolve an attachment for being *illegally* issued, it must fail for the foregoing reasons; if the motion be treated as one to dissolve an attachment because *improvidently* issued, it must fail, because there was no evidence offered by defendant to show Mr. Talbird was not the agent, but, on the contrary, the affidavit of Mr. George F. Butterworth was to the effect that the signing of the plaintiff's name to the undertaking by Mr. Talbird was done with the full authority and sanction of plaintiffs.

The judgment of the Circuit Court is reversed.